IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROBERT J. MASSEY & JACQULYN MASSEY,<br><br>    Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF THE INTERIOR; BUREAU OF LAND MANAGEMENT; RICK RYMERSON; JACK WOOD; MICHELLE BROWN; LISA EVERETT-STRINGER; CRAIG LEFF; MIKE STIEWIG; SALLY JEWELL; JENNA WHITLOCK; and Other Named DOI & BLM Employees;<br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS<br><br><br>Case No. 2:17-CV-1207 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants' Motion to Dismiss. Plaintiffs have failed to respond to the Motion and the time for doing so has expired. For the reasons discussed below, the Court will grant the Motion and will dismiss this matter without prejudice.

I. BACKGROUND

Plaintiffs filed this action on November 17, 2017. Plaintiffs purported to serve Defendants by mailing the Summons and Complaint to the individual Defendants. It appears that Mr. Massey placed these items in the mail himself.

On February 2, 2018, Defendants moved for dismissal on various grounds. Plaintiffs failed to timely respond. On April 4, 2018, Magistrate Judge Furse held a hearing in this matter. After that hearing, Judge Furse granted Plaintiffs an additional forty-five days to respond to the Motion to Dismiss. On June 7, 2018, counsel appeared for Plaintiff Robert J. Massey and

1

requested until September 21, 2018, to respond to the Motion. The Court granted the requested extension. However, no response has been filed. Therefore, this matter is ripe for decision.

## II. DISCUSSION

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."[1] Failure to properly serve a defendant is grounds for dismissal.[2] Further, the government cannot waive service of process.[3]

Service must be accomplished by someone who is not a party.[4] This is true even where, as here, service is accomplished by mail.[5] Because Mr. Massey, a party to this action, personally attempted to effectuate service by mail, Defendants have not been properly served. Therefore, dismissal without prejudice is appropriate.[6]

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 4) is GRANTED and this action is DISMISSED WITHOUT PREJUDICE.

---

[1] *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987)

[2] Fed. R. Civ. P. 12(b)(5).

[3] Fed. R. Civ. P. 4(d); *see also Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010).

[4] Fed. R. Civ. P. 4(c)(2).

[5] *Constien*, 628 F.3d at 1213 ("Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail.").

[6] *See* Fed. R. Civ. P. 4(m).

DATED this 24th day of September, 2018.

BY THE COURT:

_____
Ted Stewart
United States District Judge